Our final case of the day is Sevec v. Kijakazi. Marjorie Kennedy  The Social Security regulations prescribe a rigid, sequential, five-step test to determine whether an individual is disabled. This test is meant to be applied evenly across the multitude of applications the Social Security Administration receives, and it provides very little wiggle room. But in this case, the ALJ made a determination without any analysis or explanation that the applicant, Ms. Sevec, had two occupations within her employment as a registered nurse for a single employer. There is no dispute that Ms. Sevec satisfied Steps 1 through 3 of the test, and that Ms. Sevec only had the capacity to perform light work. But at Step 4, which requires the ALJ to analyze whether the claimant is able to perform his or her past relevant work, the ALJ wrongly severed Ms. Sevec's employment as a registered nurse into two separate occupations, despite no party arguing that Ms. Sevec's job was accomplished. Does the record indicate to you, Ms. Kennedy, and to us, who actually employed your client? Was she employed by the various institutions where she performed professional services, or was she employed by the agencies? She was employed by the agencies. The period of time 2009 to 2014, she was employed by ATC Healthcare as a registered nurse. Now, she was employed as a registered nurse. Is that documentation in the record? Yes, it is. And that she was employed by the agency? Yes, it is. I see. When she made her application for Social Security, how did she state her employment? Her employment was listed in that chart as ATC Healthcare registered nurse. The prior occupation was pro-med staffing registered nurse. The difficulty I have with your case, with this case, I think, is that it seems to me this is a composite job. I mean, and you don't seem to be arguing that. I mean, you're letting the government get away with saying that she was basically a healthcare worker for disabled people because she had some assignments. And here I think that... And apparently her job was that she was a registered nurse. Sometimes, apparently, she was assigned to lighter work than that because that's where they needed somebody, but that happens to all of us in every job. I just don't understand why you're not arguing that this wasn't at least a composite job. And I think the issue here is that to Ms. Sevek, this was not a compound job. This was a job as a registered nurse. And if the ALJ wanted to determine that it was a composite job, she would have had to perform a composite job analysis. And so the issue here is really that there's no way to reach the conclusion that the ALJ reached stating that this job contained two jobs without performing a composite job analysis or some sort of analysis and then making a determination based on substantial evidence that a composite job existed and these were the work that they did. If it were a composite job, would they have gotten to the next step? Sorry, I didn't hear you. Would they have gotten to the next step in the analysis? They stopped at step four, is it? Yes, they stopped at step four. If you apply the composite job analysis, there's authority from district courts in this circuit that you would have to analyze at step four whether the claimant was able to perform all parts of the composite job, but... And we'll assume the answer is no. The answer is no, that's correct. So we go to step five. Correct. And at step five, we have to decide whether there are jobs in the general economy that she can do. Okay. So we take a look around and say, well, we know she can do light work as a home health care worker. Are there jobs in the economy that will allow her to support herself just doing that? Correct, and that's where... And that's where... And your point is your client didn't get that chance, right? Correct. The only evidence in the record as to whether work exists in the national economy at a sufficient level is that the vocational examiner said that there would possibly be work available as a home health care worker. He was a pretty breezy guy, wasn't he? He didn't... Correct. He wasn't... She had some jobs here, there's possibly something... Terribly helpful to anybody. So your whole point is that your client was deprived of an opportunity to have the Social Security Administration look at what she could really do and whether there were sufficient jobs in the economy that she could support herself, sustain herself just doing that, right? Correct. It should have proceeded to the next step of the sequential process. I see. Now, my difficulty with your case is that I'm not sure that that was... Not you, but that that was all argued before the ALJ, before the agency. What's your reaction to that? To the question of whether it was raised in front of the agency? At the time of the hearing, there were no indications that this job was going to be severed. In fact, after the vocational examiner's testimony stating that there was also home health work, the ALJ asked Ms. Sevek about her two registered nurse jobs, her job at ProMed Staffing and then her work at ATC Healthcare, and then specifically said, this is a comment to your attorney and my vocational expert. These two jobs would both be considered past work. At that point, there was no reason during the hearing for Ms. Sevek or her attorney to assume that the ATC Healthcare job would be severed in this way and would be treated as a composite job. It doesn't sound like the ALJ is saying, I'm going to consider them separately. Sorry. Those are for the two registered nurse positions. Sir, if that was unclear. Oh, I see. The employment... With the two agencies. Yeah, from 2001 to 2006 and then the employment from 2009 to 2014. I see. So at that point, if the ALJ had explained, and I consider there are two jobs within that ATC Healthcare employment, then that would have caused Ms. Sevek to possibly explore whether that work was light work or other... independent responsibility while seated justice is done to augment the record if the record needs it to be augmented. In Ray v. Berryhill, this court determined that the ALJ, when they're making a determination based on whether something is a composite job or not a composite job, they must have substantial evidence. So if there was not substantial evidence in the record, the ALJ could elicit that evidence if they were to wish to come to this sort of conclusion, but that was not done here. I see. I've taken enough of your time. Thank you. Thank you. If the rest of the panel doesn't have any questions, I'll save my time for rebuttal. Thank you. Certainly, Ms. Kennedy. Mr. Chadwick. May it please the Court. John Chadwick on behalf of the Commissioner of Social Security. Excuse me. A couple of things I wanted to respond to regarding Your Honor's questions. First of all, with respect to the discussion about whether the Step 5 of the sequential analysis was applicable here or necessary. It wasn't in this case. The regulations are clear that if a dispositive decision could be made at Step 4, we don't move on to Step 5. Well, that's a circular response because I think that's what Judge Ripple is trying to explore, whether it should have stopped at Step 4. But let me tell you that this exchange between the vocational expert and the administrative law judge, Ms. Sevig pipes in a few times too, is incredibly garbled from my point of view. People are talking a little bit about her home health assignments when she's with the nursing home or something like that. She's trying to explain who's in the developmental home areas, and then she gets kind of brushed aside. She's saying they have a chromosome problem. And then we have the ALJ asking whether we – well, first the V.E. says a home health nurse, and then he gives a DOT code. That's a skilled job level 6, medium in its physical demand, light as performed. No one has ever found that she was a home health nurse to begin with. And then the V.E. in a minute says possibly the home health being as performed at a light level, not per the DOT though. It's just so unclear. I mean, no clear finding that she has past work as an RN, no clear finding that she has past work as a home health nurse, no clear finding that there's some kind of composite job. It's just a garble. And for the ALJ to base this finding that she can be a home health nurse not as described in the DOT but as performed at the light level seems to me to have no proper basis in this record. Well, with all due respect, Your Honor, I disagree. The vocational expert – Well, I expect you to disagree, but I'm telling you, you can't redo the so-called vocational expert's responses here. They're very incomplete. But he said very clearly and unambiguously that her past work included two distinct occupations, registered nurse when performed at the nursing homes and home health nurse when performed at what Ms. Sevick termed the developmental homes. But she also describes what she did in the two places, and there is no difference in the description. Well, she testified that her duties at the developmental homes involved more dispensing of medications. And things of that nature, quote, unquote. Whatever that means. I mean, it's – but what I'm worried about is where the vocational expert – the ALJ says, would any of the past work be available? He doesn't say the home health would be available. He says possibly the home health being as performed at a light level, occasional crouching, kneeling so it's not frequent. I mean, these are incomplete sentences. It's just – and the ALJ confirms this was medium work per the DOT, correct? He says that's right. We all understand she can't – the ALJ doesn't even think she can do medium work. We're just sticking with the ALJ's findings here. It's just – I don't think it's properly done. Yes, there's no dispute about light versus medium at all in this case. Right. So where do we have a clear record that there is some job out there in the national economy or that her job even before was performed at a light level since she never said she was a home health nurse. She always said she was an RN. She was always employed by these – one or the other of these two agencies. It just seems like an incomplete record to me. But the vocational expert, Mr. Wilhelm, did say, yes, he used the word possibly. And what does possibly mean to you? He qualified it. Possibly – oh, but only as she actually did it. That's what he was telling the administrative law judge. No, he says possibly the home health being as performed at a light level, not per the DOT, though, comma, but as performed. That's a whole sort of a sentence. And if possibly means maybe or I'm not sure or something like that, then we don't have a predicate for this finding. Well, Your Honors, it was clear to Ms. Seddock's attorney at the hearing, clear enough to him that he asked no questions about it, though given ample opportunity. With all due respect, it should be remembered when deciding this case that she was represented by counsel not only counsel but experienced social security disability practitioner. I realize she's represented by counsel, but I would also note that under Social Security ruling 8262, the Social Security Administration itself, the ALJ speaking for the administration, has an independent duty to get a fully developed record. Absolutely, yes. Administrative law judge always needs to develop a fully fair record. I'm not sure that this happened here. You may think this is piling on, but I'm just puzzled by why we are continuing to stare at the totally outdated dictionary of occupational titles, which says something about nursing being medium, right? Everybody agrees that this no longer reflects the economy. You have any idea when the Department of Labor will finish its update? In the lifetime of any of us judges? I'm afraid not. Particularly us. Yes, well, all 70-plus. We won't put anything behind the plus. But then again, Your Honor, we're still… Don't you find it bizarre? I do. That there is this elaborate discussion of something we all agree is totally outdated. And what are the legal consequences of a label in an outdated dictionary? Well, the commissioner, through her administrative law judges, relies on the expertise of the vocational experts. Which is why I'm so concerned with the garble that this V.E. comes out with. But that expertise includes, to your comment, Judge, Your Honor, includes placing people in jobs, being out in the field. Actually, some of them actually perform some of the tasks that they propose to place people in. So while the Dictionary of Occupational Titles is ancient in some respects, it is still relevant. The agency still takes administrative notice of it, and the agency is allowed to. I think Judge Wood just said it was released during the Iron Age. Yes. But again, the way Ms. Sevek described her work didn't indicate that there was anything amiss regarding characterizing the nursing homework as medium, as performed, and as generally, and the home health nurse work as performed, light, generally, as medium. You didn't point to anything in the record in your brief that satisfied me, that those distinctions were made in the record the way you've just now made them. In fact, there seems to be tremendous overlap. And just because she's giving people more epilepsy medication in one than the other, that's just giving medications. It's giving people a couple of pills or maybe an injection or something. Neither one of which strikes me as all that trying. But she also said that she didn't have to carry heavy things or bring equipment there to the developmental homes when she was assigned to them, as well as where she said that I think, and as you quoted, I think in the developmental homes there was a lot more seizure medications to be given, things of that nature, things of that nature, giving medications, lighter duties. She still had to be on her feet. But she also mentions at some point that patients fall down, you have to help them get back up again. I believe she was referring to her nursing homework at that point. But to that point, I wanted to mention too, please, that as the district court put it, the form of the job as reflected in a job title is not as important as the substance of the job. And the physical and mental demands being performed, that was what was critical here. And that was what led the vocational expert to reach his conclusion, which was uncontested at the hearing by Ms. Sebek's attorney, though given ample opportunity to. And there was no composite job here and no composite job analysis triggered by his testimony. And that's a waived issue anyway at this point. But I see that my time is up. If the court has any other questions, I'd be happy to answer them. Otherwise, for the reasons discussed here today and as presented in the commissioner's brief, the commissioner respectfully asks that the court affirm the ALJ's decision. Thank you. Thank you, counsel. Ms. Kennedy, anything further? No. I just have one brief clarification to the unambiguous comment that the comment that Judge Wood brought up where Ms. Sebek described having to lift patients occasionally if they fell on the floor, the commissioner has stated that that was in relation to the nursing homes. And the question the vocational examiner asked to elicit that response was, he said, where you were a nurse, was that a nursing home? Most of the time it was a nursing home. Occasionally they might send you to a developmental disabled home, or maybe that was later. Sometimes my memory is kind of fuzzy anymore. Then the vocational expert said, okay, so this was a nurse staffing company that you worked for? Yeah, I think with ProMed it was basically nursing homes. I don't think the developmentally disabled came until 2009 or 2010. And then the vocational expert said, okay, and you described this job for me as having to do a narcotic count, at which point Ms. Sebek explained her duties including having to pick people up from the floor, and it's completely unclear from the record what this job referred to in that context. Thank you. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess.